BRECKEL, a minor, v MORTON, et

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 9519. Decided Dec. 17, 1928.

A. W. Bell, Cleveland, for Breckel.
Wilber R. Klein, Cleveland, for Morton, et.

### VICKERY J

Now it must be remembered that this was not put upon the ground that the defendant did not cause the damage, nor has it been argued to us that the defendant was not responsible for the accident, for it seems to have been assumed all through that defendant's negligence caused the injury to the car driven by the plaintiff and which necessitated the hiring of the taxi-

cab. Now it is not true that a bailee in rightful possession of the car which is damaged by the wrongful act of another cannot maintain a suit, especially where he pays for the repairs that were caused by the defendant's negligence, and we think in that respect the court was wrong and committed reversible error.

Now as to the six dollars paid for taxi hire, the court held that inasmuch as this young man was not of age, his father would be responsible for the taxicab hire and not he and, therefore, he could not recover. That is a rather novel proposition of law. Under and by virtue of what theory is the father responsible? The young man hired a taxicab and paid for it and if this taxicab hire was made necessary by the negligent act of the defendant below, we know of no reason why the person who paid the taxicab bill could not recover it. We know of no law which would make the father liable or which would enable the father to recover, he not having paid the bill, and the court was wrong in thus deciding the proposition of law upon this question, and for both these reasons the cause will be reversed and remanded to the trial court for a new trial.

Sullivan, P J and Levin, J, concur.